UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


**KEITH HARRISON**                                         CIVIL ACTION

**VERSUS**                                                 No. 09-3165

**EMERALD FOAM CONTROL, L.L.C.**                           SECTION: I/1


                            ORDER AND REASONS

Before the Court is a motion to remand filed by plaintiff, Keith Harrison("Harrison"), on the ground that the Court lacks subject matter jurisdiction. For the following reasons, plaintiff's motion to remand is **DENIED.**

                              BACKGROUND

In February, 2009, Harrison filed a verified petition in Orleans Parish Civil District Court against his former employer, Emerald Foam Control, L.L.C. ("Emerald"), alleging that Emerald has failed to pay Harrison's wages in violation of Louisiana Revised Statute § 23:631.[1] Harrison also seeks a declaratory judgment that a non-compete clause in his employment agreement is unenforceable.[2]

Harrison's petition alleges that he was employed as Emerald's "North American Sales Manager" and that on January 4, 2008, the date that he provided Emerald with thirty days' notice that he was terminating his employment agreement, Harrison was earning an annual salary of $135,900.00.[3] Harrison's petition claims that

---

[1]Rec. Doc. No. 1-2.

[2]*Id.* Harrison also asserts claims of conversion and unfair trade practices.

[3]*Id.* at 6.

Emerald has failed to pay Harrison the following types of earnings: (1) bonuses for 2006 and 2007, (2) $7,511.37 in base compensation and vacation, and (3) commissions.[4] Harrison further alleges that he made a demand for payment in February, 2009 and that Emerald's failure to pay his wages entitles him to recover attorney's fees as well as penalties.[5] Harrison's petition also asserts a claim for $9,000 in "unpaid reimbursements."[6]

Emerald removed the lawsuit to this Court in March, 2009, asserting that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[7] Emerald's removal notice alleges that the parties are diverse[8] and that the amount in controversy, based on Harrison's claims for unpaid bonuses, commissions, reimbursements and penalty wages, exceeds $75,000.[9]

Harrison filed this motion to remand on the ground that the Court lacks subject matter jurisdiction over his lawsuit. Although Harrison agrees that his citizenship is diverse from Emerald's

---

[4]*Id.* at paras. 7-11.

[5]*Id.* at para. 19.

[6]*Id.* at para. 12.

[7]Section 1332 provides U.S. District Courts with original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and where there is diversity of citizenship between the plaintiffs and defendants. 28 U.S.C. § 1332(a)(1).

[8]Emerald's notice of removal alleges that Emerald is a limited liability company whose only member is Emerald Performance Materials, LLC ("Emerald Performance") and that all of Emerald Performance's members are Delaware corporations with their principal places of business in Ohio. The removal notice further asserts that Harrison is a citizen of Louisiana. Rec. Doc. No. 1.

[9]*Id.* at paras. 6-9.

citizenship, he argues that his damages do not exceed $75,000. Therefore, the only issue before the Court is whether the amount in controversy, exclusive of interests and costs, exceeds $75,000 as required by 28 U.S.C. § 1332.

## **LAW AND ANALYSIS**

### I. **MOTION TO REMAND**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

When a plaintiff's complaint does not allege a specific amount of total damages, the removing defendant must prove by a

preponderance of the evidence that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. Ltd v. Greenberg*, 134 F.2d 1250, 1253 (5th Cir. 1998); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *Luckett v. Delta Air, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)(citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).[10] "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above the $75,000, or (2) 'by setting forth facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'"[11] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)(emphasis omitted)). Then, a plaintiff can only defeat diversity jurisdiction by demonstrating to a "legal certainty" that the amount in controversy does not exceed $75,000. *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 869 (5th Cir. 2002).

Jurisdiction is fixed as of the time of removal. *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996). Therefore, "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction."

---

[10]The Louisiana Code of Civil Procedure prohibits a plaintiff from including a specific monetary amount of damages in a petition's allegations or prayer for relief, except in "a suit on a conventional obligation, promissory note, open account, or other negotiable instrument." La. Code Civ. P. art. 893; *see also Gebbia*, 233 F.3d at 882; *Luckett*, 171 F.3d at 298.

[11]If the amount in controversy is not apparent from the complaint, the court may consider summary judgment-type evidence. *St. Paul*, 134 F.2d at 1253.

*Gebbia*, 233 F.3d at 883 (citing *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90, 58 S. Ct. 586, 82 L. Ed. 945 (1938)). The Court may consider post-removal affidavits regarding the amount in controversy, but only to the extent that the basis for jurisdiction is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883. "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.*

## II. **DISCUSSION**

As argued by Emerald, it is facially apparent from Harrison's verified petition that the amount in controversy exceeds $75,000. Based on Harrison's allegations, his claim for two years' worth of bonuses would by itself total at least $72,000. Harrison asserts in his verified petition that Emerald owes him bonuses for the years 2006 and 2007 and that he received a bonus for $36,000 in 2005.[12]

The Court is not persuaded by Harrison's argument that Emerald has not presented any evidence that his 2006 and 2007 bonuses would each be equal to his $36,000 bonus for 2005. First, Harrison's petition asserts that he earned the $36,000 as Emerald's "Western Sales Manager" and that before he accepted the position as "North American Sales Manager" for both the Western and Eastern Divisions, he confirmed that his bonuses would not be adversely affected by

---

[12]Rec. Doc. No. 1-2, para. 7.

the Eastern Division's poor performance.[13] Harrison alleges that he accepted the position based on this agreement.[14]

Second, even if Harrison's bonuses decreased dramatically in 2006 **and** 2007, it is more likely than not, based on Harrison's allegations, that the amount in controversy exceeds $75,000. Harrison's petition asserts claims for $33,509.70[15] in penalties pursuant to Louisiana Revised Statute § 23:632,[16] $7,511.37 in base compensation and earned vacation, and $9,000 in unpaid reimbursements. Given that these claims equal $50,021.07, Harrison's 2006 and 2007 bonuses need only together total $25,000. Moreover, Harrison asserts a claim for earned, but unpaid commissions. Harrison's claim for attorney's fees under Louisiana Revised Statute § 23:632 also counts toward the amount in controversy. *See Manguno*, 276 F.3d at 723("If a state stature provides for attorney's fees, such fees are included as part of the amount in controversy.").

---

[13]*Id.*

[14]*Id.*

[15]Harrison alleges that he is entitled to penalties in the amount of ninety days wages or full wages from the date of his demand until payment is made, whichever is the lesser amount. Rec. Doc. No. 1-2, para. 19. He further alleges that he was earning $372.33 a day, based on his annual salary of $135,900. *Id.* at para. 6. Accordingly, ninety days of wages at a rate of $372.33 a day equals $33,509.70.

[16]Louisiana Revised Statute § 23:632 provides in pertinent part:
> Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.

In support of his motion to remand, Harrison attaches a declaration wherein he declares that the amount in controversy does not exceed $75,000 and he waives his right to recover more than $75,000.[17] As discussed above, it is facially apparent from Harrison's petition that his claims more likely than not exceed $75,000. Therefore, the amount in controversy is not ambiguous and the Court need not consider Harrison's declaration for clarification purposes. *See Gebbia*, 233 F.3d at 883.

The Court is satisfied that diversity jurisdiction existed at the time of removal and Harrison cannot divest this Court of jurisdiction with a post-removal reduction of his claims or waiver of any award in excess of $75,000. *See id.* ("Because it was facially apparent that Plaintiff's claimed damages exceeded $75,000, the district court properly disregarded Plaintiff's post-removal affidavit and stipulation for damages less than $75,000, and such affidavit and stipulation did not divest the district court's jurisdiction."); *Franco v. Teasdale*, No. 06-2754, 2006 WL 2224743, at *3 (E.D. La. Aug. 1, 2006)(Africk, J.). Accordingly,

**IT IS ORDERED** that the motion to remand is **DENIED.**

New Orleans, Louisiana, May 18th, 2009.

                                             **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**

---

[17] Rec. Doc. No. 3-3.